# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0453-19T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

V.S.,

     Defendant-Appellant,

and

J.R.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF M.M.-C.,

     a Minor.

_____

     Argued telephonically June 17, 2020 –
     Decided July 6, 2020

     Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FG-20-0034-16.

Mark Edward Kleiman, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Robyn A. Veasey, Deputy Public Defender, of counsel; Mark Edward Kleiman, on the briefs).

Tara Beth LeFurge, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Jane C. Schuster, Assistant Attorney General, of counsel; Tara Beth LeFurge, on the brief).

Nancy P. Fratz, Assistant Deputy Public Defender, argued the cause for minor (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Meredith Alexis Pollock, Deputy Public Defender, of counsel; Nancy P. Fratz, of counsel and on the brief).

PER CURIAM

V.S. appeals from a September 9, 2019 order denying without prejudice her Rule 4:50-1 application to vacate the March 2, 2017 termination of her parental rights based on her voluntary surrender of her older daughter, M.M.-C. (Maureen),[1] who was born in 2012. After a review of the circumstances, including the recent developments brought to our attention by the parties, we

---

[1] Pursuant to Rule 1:38-3(d)(12), we use initials and fictitious names to protect the privacy of the family.

affirm substantially for the reasons articulated in Judge Richard C. Wischusen's thorough opinion. We add only the following brief comments.

We previously reviewed and affirmed the court's determination that V.S. put Maureen, who has significant special needs, at risk by leaving her in the care of a heroin addict not trained in attending to Maureen's medical needs. N.J. Div. of Child Prot. & Permanency v. V.S., No. A-1006-14 (App. Div. Nov. 3, 2017) (slip op. at 9). We described in our unpublished opinion the unfortunate situation of V.S. and Maureen:

> V.S. has an extensive medical history, suffering from gallstones, polycystic ovary syndrome, scoliosis and sciatica. She also had gastric bypass surgery in 2010. While V.S. was pregnant with Maureen, she was hit in the hand and neck by a drive-by shooter. Her best friend was also shot as well as her best-friend's sixteen-year-old son, who died. V.S. was prescribed various medications due to her medical conditions, which included post-traumatic stress disorder . . . caused by the shooting. She also used drugs at times without a prescription.
>
> Unrelated to the shooting, Maureen's birth was . . . premature. She has global developmental delays and chronic respiratory problems, requiring her to be on oxygen at all times, suctioned regularly to prevent suffocation by aspiration, and to be on a gastrostomy tube. Prior to Division [of Child Protection and Permanency] involvement, Maureen was receiving physical therapy services twice a week and special-education therapy once a week. V.S. became skilled at

caring for Maureen and engaged in drug treatment voluntarily.

[Id., slip op. at 2-3.]

Since our 2017 opinion, V.S. was convicted of second-degree robbery, was unable to succeed in drug court, and was given a five-year term in prison. V.S. sought to vacate the March 2017 termination of her parental rights based on changed circumstances. Although legally still incarcerated, V.S. has been housed at Millicent Fenwick House since January 2019 and, as of March 25, 2019, she is working at McDonalds and attending Passaic County Community College. Her urine tests have been negative for drugs. She visits Maureen monthly. V.R.'s earliest release date is July 2020.

Maureen has no specific prospect for adoption now, although at the time of Judge Wischusen's decision a medically trained person was interested in adopting her. Judge Wischusen wisely left open the possibility that if Maureen is not adopted and V.S. has proof that she is able to effectively parent Maureen, V.S. can file a new motion seeking to vacate her voluntary surrender. That path to reunification remains open.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION